UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          Docket # 14 CV 2586
--------------------------------------------------------X
MITCHELL HENDERSON,

            Plaintiff,
                                                    **COMPLAINT &**
    v.                                                  **JURY DEMAND**

THE CITY OF NEW YORK,
NEW YORK CITY POLICE OFFICER
JOHN TALAVERA, Shield # 07085,
Narcotics Borough Manhattan North,
NEW YORK CITY POLICE OFFICER
RAYMOND ABREU, Shield #06060
Narcotics Borough Manhattan North,
NEW YORK CITY POLICE DETECTIVE
TODD HABERSHAM, Shield # 7204
Narcotics Borough Manhattan North,
NEW YORK CITY UNDERCOVER POLICE OFFICER
Shield # 288, Narcotics Borough Manhattan North,
NEW YORK CITY POLICE OFFICER
JOHN DOE, Narcotics Borough Manhattan North,
                      Defendant(s).
--------------------------------------------------------X

## PRELIMINARY STATEMENT

1. This is a Civil Rights action in which Plaintiff, MITCHELL HENDERSON, seeks redress for the Defendant's violation of his rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C. 1981 and 1983 and of the rights secured by the Fourth Amendment, and by the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and/or rights secured by under the Laws and Constitution of the State of New York.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being an action seeking redress for the violation of Plaintiff's Constitutional and Civil Rights. The amount

of damages in controversy exceeds One Hundred and Fifty Thousand ($150,000.00) Dollars, exclusive of interest and costs.

3. The Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C. sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. The Plaintiff further invokes this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. The Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.

**VENUE**

6. Venue is proper for the United States District Court of the Southern District of New York pursuant to 28 U.S.C. Sections 1391 (a), (b) and (c).

**PARTIES**

7. Plaintiff, MITCHELL HENDERSON is a United States Citizen and resident of the United States, and at all times relevant herein is a resident of the State and City of New York.

8. Defendants NEW YORK CITY POLICE OFFICER JOHN TALAVERA, Shield # 07085, upon information and belief of the Narcotics Borough Manhattan North Command, and NEW YORK CITY POLICE OFFICER RAYMOND ABREU, Shield # 06060, upon information and belief, also of Narcotics Borough Manhattan North Command, are and at all times relevant, Officers and employees/agents of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK.  Defendant OFFICERS TALAVERA and ABREU are sued

individually and in their official capacity.  At all times relevant Defendant OFFICERS TALAVERA and ABREU were acting under the color of State Law in the course and scope of their duties and functions as agents, servants, employees and Officers of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of their lawful duties.  Defendant OFFICERS TALAVERA and ABREU were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK at all times relevant herein with the power and authority vested in them as police officers, agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of their duties as officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

9. Defendants, NEW YORK CITY POLICE DETECTIVE TODD HABERSHAM, Shield Number 7204, upon information and belief of the Narcotics Borough Manhattan North Command, NEW YORK CITY POLICE DEPARTMENT UNDERCOVER OFFICER SHIELD NUMBER 288, upon information and belief also of the Narcotics Borough Manhattan North Command, and NEW YORK CITY POLICE OFFICER JOHN DOE are, and at all times relevant, Officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK.  Defendant Officers HABERSHAM, UNDERCOVER OFFICER SHIELD NUMBER 288, and NEW YORK CITY POLICE OFFICER JOHN DOE are sued individually and in their official capacity.  At all times relevant, Defendant Officers HABERSHAM, UNDERCOVER OFFICER SHIELD NUMBER 288, and NEW YORK CITY POLICE OFFICER JOHN DOE were acting under the color of State Law in the course and scope of their duties and

functions as agents, servants, employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of their lawful function in the course of their duties.  Defendant Officers HABERSHAM, UNDERCOVER OFFICER Shield Number 288 and JOHN DOE were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK at all times relevant herein with the power and authority vested in them as police officers, agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and incidental to their lawful duties as officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

10. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a Police Department which acts as its agent in the area of Law Enforcement and for which it is ultimately responsible.  Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a Police Department and the employment and training of Police Officers as said risk attaches to the public consumers of the services provided by Defendant CITY OF NEW YORK through THE NEW YORK CITY POLICE DEPARTMENT.

11. THE NEW YORK CITY POLICE DEPARTMENT, while not a named Defendant, is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to carry out all police functions for Defendant CITY OF NEW YORK and assumes the risk incidental to the maintenance of a police force and the employment of Police Officers.

## STATEMENT OF FACTS

### First Incident

12. On May 13, 2011 at approximately 3:15 p.m. Plaintiff was walking in the vicinity of 130th Street and Park Avenue in New York County when he was motioned over by a female acquaintance who was talking with a male friend of hers. After briefly speaking with the woman, who had called the Plaintiff over to talk about something that the Plaintiff believed to be trivial and unimportant, the Plaintiff left and proceeded to walk toward 130th Street, approximately 20 feet away. The Plaintiff turned the corner and observed a van coming up the street. The van stopped near the Plaintiff and two male Hispanics exited the vehicle and approached the Plaintiff. These two male Hispanics, without identifying themselves, proceeded to forcefully grab the Plaintiff by both arms. One of the male Hispanics, herein identified as named Defendant NEW YORK CITY POLICE OFFICER RAYMOND ABREU, proceeded to strike the Plaintiff three times on the back of the Plaintiff's calves with a small metal baton, causing the Plaintiff extreme physical pain, contusions and swelling to the leg. The Plaintiff was then forced to the ground by Defendant NEW YORK CITY POLICE OFFICER RAYMOND ABREU and Defendant NEW YORK CITY POLICE OFFICER JOHN TAVERAS, who placed a knee in the small of the Plaintiff's back while the Plaintiff was face down on the ground. Only at this time did the Defendant Officers identify themselves as members of THE NEW YORK CITY POLICE DEPARTMENT. Defendant NEW YORK CITY POLICE OFFICER JOHN TAVERAS proceeded to handcuff the Plaintiff while the Plaintiff was lying on the ground. The Plaintiff then observed both named Defendant Officers

begin to look around on the ground in the vicinity of Plaintiff, stating to the Plaintiff in sum and substance: "we know you got something". When the Plaintiff asked Defendant OFFICERS TAVERAS and ABREU in sum and substance, "what do I have?", the Defendant Officers told the Plaintiff that he was "resisting arrest." Defendant OFFICERS TAVERAS and ABREU picked the Plaintiff up off the ground, placed him in the van, then proceeded to drive the Plaintiff around for approximately ninety minutes afterwhich the Plaintiff was taken to a local area precinct located in the vicinity of 119th Street in New York County. At the precinct the Plaintiff was subjected to a strip search by Defendant NEW YORK CITY POLICE OFFICER JOHN TAVERAS. The Plaintiff was subsequently transported to Central Booking where he was subjected to another physical search of his person by members of THE NEW YORK CITY POLICE DEPARTMENT. The Plaintiff was arraigned on the Criminal Court Complaint of Defendant NEW YORK CITY POLICE OFFICER JOHN TAVERAS after being held in the custody of THE NEW YORK CITY POLICE DEPARTMENT, wherein Defendant OFFICER JOHN TAVERAS falsely and without basis in law or fact, accused the Plaintiff of violating New York Penal Law Sections 220.03 (Criminal Possession of a Controlled Substance in the Seventh Degree) and New York Penal Law Section 205.30 (Resisting Arrest). The Plaintiff was required to go to Court to defend himself against the false charges levied by Defendant NEW YORK CITY POLICE OFFICER JOHN TAVERAS, which were dismissed and sealed on January 12, 2012. As a result of being struck repeatedly in the lower

leg by Defendant NEW YORK CITY POLICE OFFICER RAYMOND ABREU during the effectuation of arrest, the Plaintiff experienced pain, contusions and swelling to the right knee which lasted approximately one week.

### Second Incident

13. On June 6, 2013 at approximately 2:30 p.m. the Plaintiff was in the vicinity of 2120 Madison Avenue between 130th street and 131st Street saying goodbye to his friend, when the Plaintiff was approached by a Hispanic male, herein identified as named Defendant UNDERCOVER NEW YORK CITY POLICE OFFICER Shield Number 288. Upon information and belief Defendant UNDERCOVER OFFICER 288 stated to the Plaintiff in sum and substance "I got $20.00, I want to get some crack", which caused the Plaintiff to ask Defendant UNDERCOVER OFFICER Shield Number 288 if he was the police, to which Defendant UNDERCOVER OFFICER Shield Number 288 told the Plaintiff, in sum and substance, that he was not a police officer. The Plaintiff and Defendant UNDERCOVER Shield Number 288 proceeded to walk down Park Avenue. While they were walking Plaintiff and Defendant UNDERCOVER Shield Number 288 were approached by a woman who told the Plaintiff that she had $6.00. The Plaintiff, the woman, and Defendant UNDERCOVER Shield Number 288 continued to walk, when the Plaintiff observed Defendant UNDERCOVER Shield Number 288 approach an individual as that individual was getting into a taxicab. While the Plaintiff was standing there, the Plaintiff observed Defendant UNDERCOVER Shield Number 288 give this individual the

$20.00 earlier mentioned by Defendant UNDERCOVER Shield 288.  The Plaintiff then observed Defendant UNDERCOVER Shield Number 288 take something from this individual then observed Defendant UNDERCOVER Shield Number 288 walk away.  The Plaintiff then proceeded to walk toward Madison Avenue, where he was approached by named Defendant NEW YORK CITY POLICE DETECTIVE TODD HABERSHAM, Shield Number 7204 and Defendant NEW YORK CITY POLICE OFFICER JOHN DOE.  Defendant NEW YORK CITY POLICE DETECTIVE HABERSHAM and Defendant NEW YORK CITY POLICE OFFICER JOHN DOE proceeded to physically grab the Plaintiff by the arms and proceeded to search the Plaintiff, afterwhich the Plaintiff was handcuffed by the Defendant Officers.  The Plaintiff was transported by Defendant NEW YORK CITY POLICE DETECTIVE TODD HABERSHAM and Defendant NEW YORK CITY POLICE OFFICER JOHN DOE to a local police precinct located at 119th Street in New York County.  At the precinct the Plaintiff was subjected to a strip search of his physical person by Defendant NEW YORK CITY POLICE OFFICER JOHN DOE, described herein as African American.  The Plaintiff was subsequently arraigned upon a Criminal Complaint prepared by the NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE, wherein the Plaintiff was falsely and maliciously accused by Defendant NEW YORK CITY POLICE DETECTIVE TODD HABERSHAM of violating New York Penal Law Section 220.39 (Criminal Sale of a Controlled Substance in the Third degree)  The Court set bail upon the Plaintiff, which Plaintiff could not

post, forcing the Plaintiff to remain in the custody of THE NEW YORK CITY POLICE DEPARTMENT and THE NEW YORK CITY DEPARTMENT OF CORRECTIONS until June 12, 2013.  As a result of a subsequent investigation by the Grand Jury of New York County, the NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE moved to dismiss the criminal charges against the Plaintiff.  As a result of the actions of Defendant UNDERCOVER Shield Number 288 and NEW YORK CITY POLICE DETECTIVE HABERSHAM, the Plaintiff lost his residence and was required to move, causing the incurrence of monetary damages by the Plaintiff.  During Plaintiff's period of incarceration Plaintiff was required to endure daily searches of his person by members of the NEW YORK CITY DEPARTMENT OF CORRECTIONS, and to suffer extreme emotional upset during the period of incarceration upon the false allegations levied and made by named Defendant NEW YORK CITY POLICE DETECTIVE TODD HABERSHAM and Defendant UNDERCOVER Shield Number 288.

**FIRST FEDERAL CLAIM**

**Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution-False Arrest**

14. Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Thirteen (13) as if fully set forth herein.

15. Upon information and belief, on May 13, 2011 the conduct of Defendant NEW YORK CITY POLICE OFFICER JOHN TALAVERA acting under color of State Law, violated Section 42

U.S.C. 1983 by unlawfully arresting Plaintiff without probable cause.

16. That the actions of Defendant NEW YORK CITY POLICE OFFICER JOHN TALAVERA, occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND FEDERAL CLAIM

**Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution-False Arrest**

17. Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Sixteen (16) as if fully set forth herein.

18. That upon information and belief, on May 13, 2011 the conduct of Defendant NEW YORK CITY POLICE OFFICER RAYMOND ABREU, acting under the color of State Law, violated section 42 U.S.C. 1983 by unlawfully arresting the Plaintiff without probable cause.

19. That the actions of Defendant NEW YORK CITY POLICE OFFICER RAYMOND ABREU, occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## THIRD FEDERAL CLAIM

**Violation of Rights Secured by Section 42 U.S.C 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution-Malicious Prosecution and Due Process**

**Violations**

20. Plaintiff incorporates by reference the allegations set forth in Paragraphs One (1) through Nineteen (19) as if fully set forth herein.

21. That upon information and belief, on May 13, 2011 the conduct of Defendant NEW YORK CITY POLICE OFFICER JOHN TALAVERA, acting under color of State Law, violated Section 42 U.S.C. 1983 by falsely and maliciously charging Plaintiff with the commission of a criminal offense, namely Criminal Possession of a Controlled Substance in the Seventh Degree (New York Penal Law Section 220.03), and Resisting Arrest (New York Penal Law Section 205.30 without basis in law or fact.

22. As a consequence of the actions of Defendant NEW YORK CITY POLICE OFFICER JOHN TALAVERA Plaintiff was subjected to lengthened period of detention while the merits of the Defendant's criminal allegations against the Plaintiff were determined by members of the Manhattan District Attorney's Office, causing Plaintiff to suffer fear of repetition of such unlawful conduct by members of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

**FOURTH FEDERAL CLAIM**

**Violation of the Rights secured by Section 42 U.S.C. 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution-Malicious Prosecution and Due Process Violations**

23. Plaintiff incorporates by reference the allegations set forth in Paragraphs One (1) through Twenty Two (22) as if fully set forth herein.

24. That upon information and belief, on May 13, 2011 the conduct of Defendant NEW

YORK CITY POLICE OFFICER RAYMOND ABREU, acting under color of State Law, violated Section 42 U.S.C. 1983 by falsely and maliciously charging the Plaintiff with the commission of a criminal offense, namely Criminal Possession of a Controlled Substance in the Seventh Degree (New York Penal Law Section 220.03) and Resisting Arrest (New York Penal Law Section 205.30) without basis in law or fact.

25. As a consequence of the actions of Defendant New York City Police Officer RAYMOND ABREU, Plaintiff was subjected to a lengthened period of detention while the merits of the Defendant's allegations against the Plaintiff were determined by members of the Manhattan District Attorney's Office, causing Plaintiff to suffer fear of repetition of such unlawful conduct by members of the NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## FIFTH FEDERAL CAUSE OF ACTION

**Violation of Rights secured by Section 42 U.S.C. 1983-Excessive Force**

26. The Plaintiff incorporates by reference the allegations contained in Paragraphs One (1) through Twenty Five (25) as if fully set forth herein.

27. That upon information and belief, on May 13, 2011 the conduct of Defendant NEW YORK CITY POLICE OFFICER RAYMOND ABREU, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully using excessive force in effectuating the arrest of Plaintiff, causing physical injury to Plaintiff, without basis in law or fact.

28. As a consequence of the actions of Defendant NEW YORK CITY POLICE OFFICER RAYMOND ABREU, Plaintiff suffers fear of repetition of such unlawful conduct by members of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK,

resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## SIXTH FEDERAL CAUSE OF ACTION

**Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution- False Arrest**

29. The Plaintiff incorporates by reference each of the allegations contained in paragraphs One 91) through Twenty eight (28) as if fully set forth herein.

30. That upon information and belief, on June 6, 2013, the conduct of Defendant NEW YORK CITY POLICE OFFICER TODD HABERSHAM, acting under the color of State Law, violated Section 42 U.S.C. 1983 and the Fourth Amendment to the US Constitution by unlawfully arresting the Plaintiff without probable cause.

31. That the actions of Defendant NEW YORK CITY POLICE OFFICER TODD HABERSHAM, occurred in and during the course and scope of his duties and functions as a New York City Police Officer, while acting as agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## SEVENTH FEDERAL CAUSE OF ACTION

**Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution- Malicious Prosecution and Due Process Violations**

33. Plaintiff incorporates by reference the allegations set forth in paragraphs One 91) through Thirty Two (32) as if fully set forth herein.

34. That upon information and belief, on June 6, 2013, the conduct of Defendant NEW

YORK CITY POLICE OFFICER TODD HABERSHAM, acting under color of State Law, violated Section 42 U.S.C. 1983 by falsely and maliciously charging the Plaintiff with the commission of a criminal offense, namely Criminal Sale of a Controlled Substance in the Third Degree (New York Penal Law Section 220.39) without basis in law or fact.

35. As a consequence of the actions of Defendant NEW YORK CITY POLICE OFFICER TODD HABERSHAM Plaintiff was subjected to a lengthened period of detention while the merits of Defendant's criminal allegations against the Plaintiff were determined by members of the Manhattan district Attorney's Office, causing Plaintiff to suffer fear of repetition of such unlawful conduct by Defendant and members of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

**EIGHTH FEDERAL CAUSE OF ACTION**

**Violation of Rights Secured by 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution-Malicious Prosecution and Due Process Violations**

36. Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty five (35) as if fully set forth herein.

37. That upon information and belief, on June 6, 2013, the conduct of Defendant NEW YORK CITY UNDERCOVER POLICE OFFICER NUMBER 288, acting under color of State Law, violated section 42 U.S.C. 1983 by falsely and maliciously charging the Plaintiff with the commission of a criminal offense, namely Criminal Sale of a Controlled substance in the Third Degree (New York Penal Law Section 220.39) without basis in law or fact.

38. As a consequence of the actions of Defendant NEW YORK CITY UNDERCOVER POLICE OFFICER NUMBER 288 Plaintiff was subjected to lengthened period of detention while the merits of the Defendant Officer's criminal allegations against the Plaintiff were determined by members of the Manhattan District Attorney's Office, causing the Plaintiff to suffer fear of repetition of such unlawful conduct by members of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

### FIRST STATE LAW CLAIM

39. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty Eight (38) as if fully set forth herein.

40. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE OFFICER TODD HBERSHAM, resulted in the false arrest, detention, photographs and searches of Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

### SECOND STATE LAW CLAIM

41. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Forty (40) as if fully set forth herein.

42. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY UNDERCOVER POLICE OFFICER NUMBER 288  resulted in the false arrest, detention, photographs and searches of Plaintiff, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

### THIRD STATE LAW CLAIM

43. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Forty Two (42) as if fully set forth herein.

44. That the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of Defendant NEW YORK CITY POLICE OFFICER TODD HABERSHAM, which resulted in the false arrest, detention, photographs and searches of Plaintiff, public humiliation and embarrassment, emotional distress and the incurrence of monetary damages, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## FOURTH STATE LAW CLAIM

45. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Forty Four (44) as if fully set forth herein.

46. That the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of Defendant NEW YORK CITY UNDERCOVER POLICE OFFICER NUMBER 288 which resulted in the false arrest, detention, photographs and searches of Plaintiff, public humiliation and embarrassment, emotional distress and the incurrence of monetary damages, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## SIXTH STATE LAW CLAIM

47. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty Eight (38) as if fully set forth herein.

48. That the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of Defendants NEW YORK CITY POLICE OFFICERS HABERSHAM and UNDERCOVER OFFICER NUMBER 288, which resulted in the intentional infliction of emotional distress, public humiliation and embarrassment upon Plaintiff.

## SEVENTH STATE LAW CLAIM

49.  The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Forty Eight (48) as if fully set forth herein.

50.  That upon information and belief, on June 6, 2013 Defendant NEW YORK CITY POLICE OFFICER TODD HABERSHAM intentionally and falsely arrested the Plaintiff without probable cause, resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

**WHEREFORE,** the Plaintiff demands the following relief jointly and severably against all Defendants:

1. Compensatory Damages for Plaintiff.

2. Punitive Damages against Defendant New York City Police Officers JOHN TALAVERA, RAYMOND ABREU, TODD HABERSHAM, UNDERCOVER POLICE OFFICER NUMBER 288.

3. Punitive Damages against Defendants, New York City Police Officers JOHN TALAVERA, RAYMOND ABREU, TOD HABERSHAM and UNDERCOVER NUMBER 288.

4. A Court Order pursuant to 42 U.S.C. 1998 that the Plaintiff is entitled to costs of the instant action, and Attorney's fees.

5. Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

Dated: March 25, 2014

                                               _____
                                               VICTOR M. BROWN, ESQ.
                                               (VB-5289)
                                               Attorney for Plaintiff
                                               11 Park Place, Suite 600
                                               New York, New York 10007
                                               (212) 227-7373
                                               Fax(212) 227-2330
                                               E: vbrownlaw@yahoo.com